IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOEY L. JONES,<br>    Plaintiff,<br><br>v.<br><br>T. JACKSON BEDFORD, Judge, PAUL HOWARD, JR., District Attorney, and SAM OLENS,<br>    Defendants. | 42 U.S.C. § 1983<br>PRISONER CIVIL RIGHTS<br><br>CIVIL ACTION FILE NO.<br>1:16-CV-2493-TWT-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff is a state inmate at Central State Prison in Macon, Georgia. Plaintiff, *pro se*, seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 in connection with his prior state court convictions. (Doc. 1 at 3-4). Plaintiff has also filed a Motion to Appoint Counsel (Doc. 4) and a Motion to Amend to Conclusion (Doc. 5). The Court granted Plaintiff leave to proceed *in forma pauperis.* (Doc. 3). The Court now screens his complaint as required by 28 U.S.C. § 1915A.

**I.     The 28 U.S.C. § 1915A Standard**

Federal courts must screen a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A.  Courts may dismiss a complaint if the alleged facts do not state a claim for relief that is plausible on its face.  *Edwards v. Prime, Inc.,* 602 F.3d 1276, 1291 (11th Cir. 2001).

**II.    Factual Allegations**[1]

Plaintiff claims that he has been denied the right to challenge two void indictments in the state courts.  According to Plaintiff, these indictments "do not state an offense" and "if reviewed, would be dismissed and the charges dropped." (Doc. 1 at 4).  He further alleges that "Defendants are failing to grant [him] a right to be heard" and "their deliberate indifference to deny [him] governmental redress . . . to keep [him] misimprisoned under a void indictment and charges that are being used to discriminate [him] from life, liberty, and happiness." (*Id.*).  As relief, Plaintiff requests "declaratory and injunctive relief in the form of a hearing to a right to be heard [sic] to present the facts for a dismissal and expungement of those

---

[1] The factual allegations are taken from Plaintiff's complaint and are presumed true for purposes of the § 1915A screening.  *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

charges" or "a trial by jury." (Doc. 1 at 4). On August 18, 2016, Plaintiff filed a "Motion to Amend to Conclusion" stating that he also seeks money damages as relief. (Doc. 5 at 1).

Plaintiff previously filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254, *Jones v. Bedford*, 1:15-CV-341-TWT-ECS. The habeas petition was dismissed as untimely on March 27, 2015. In that case, the Court noted that the Georgia Court of Appeals affirmed his state court conviction on March 29, 2005. He filed state collateral attacks to his convictions and sentence in August 2008 and November 2013.

Plaintiff also filed in January 2016, a "Motion to Vacate a Void Judgement [sic] Pursuant to Federal Rule of Civil Procedure Rule 60(b)(3)(6) [sic]," *Jones v. Berry*, 1:16-CV-152-TWT-WEJ, wherein Plaintiff challenged the dismissal of his federal habeas action, further seeking to set aside his state court convictions. The court construed the habeas petition as a motion for reconsideration and denied relief on May 31, 2016.

Plaintiff filed the present complaint on July 8, 2016. He filed his Motion to Appoint Counsel and Motion to Amend Conclusion on August 18, 2016.

### III.   Discussion

The Supreme Court has long held "that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) (other citations omitted). Accordingly, to the extent Plaintiff seeks dismissal or expungement of his state charges, this case is beyond the scope of a § 1983 action.

It appears that Plaintiff seeks relief because Judge Bedford denied or dismissed Plaintiff's "writ of habeas corpus, a mandamus and a motion to vacate and set aside." (Doc. 1 at 3). Defendants Paul Howard and Samuel S. Olens are not specifically referenced in the complaint so it is not clear exactly how Plaintiff claims they violated his constitutional rights.[2] To the extent Plaintiff seeks injunctive and declaratory relief based on Defendants' actions in Plaintiff's prior state cases, relief is not available because these actions occurred in the past and cannot be enjoined or declared invalid retroactively. *See Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001) ("Because injunctions

---

[2] Presumably, Plaintiff includes these defendants because Defendant Howard is the District Attorney of Fulton County, in which jurisdiction Plaintiff was apparently convicted, and Defendant Olens is the Attorney General for the State of Georgia.

regulate *future* conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate - as opposed to a merely conjectural or hypothetical - threat of *future* injury.") (emphasis added).

Thus, only Plaintiff's request for money damages warrants further discussion. The Supreme Court has also addressed "the question whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983." *Heck v. Humphrey*, 512 U.S. 477, 478 (1994). Its answer is "that, in order to recover damages for allegedly unconstitutional conviction and imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Plaintiff's complaint does not suggest that he can do any of these things, and his claim plainly requires a finding that it was caused by actions whose unlawfulness would render his conviction invalid. Consequently, this case is barred by *Heck*. *Id.* at 487.[3]

---

[3] Moreover, as Plaintiff is purporting to sue the trial judge (Defendant Bedford) and two supervisory prosecutors (Defendants Howard and Olens), dismissal is also warranted because the Complaint does not demonstrate a basis for overcoming the absolute immunity that these officials presumptively enjoy with regard to the

5

The proper avenue for federal review of his state court convictions was to file a timely federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which Plaintiff failed to do.

**IT IS THEREFORE RECOMMENDED** that the complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under § 1915A.  Plaintiff's Motion to Amend to Conclusion (Doc. 5) is **GRANTED**. Plaintiff's motion for appointment of counsel (Doc. 4) is **DENIED AS MOOT.**

The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**IT IS SO RECOMMENDED AND ORDERED** this 19th day of September, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

prosecution of Plaintiff.